IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:12-CV-23-FL

| | | |
|---|---|---|
| JOHNNY PEARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 19, 21).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., issued a memorandum and recommendation ("M&R") (DE 47), wherein it is recommended that the court grant plaintiff's motion, deny defendant's motion, and that defendant's final decision be remanded. Defendant timely filed objections to the M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

**BACKGROUND**

On January 31, 2008, plaintiff filed an application for a period of disability and disability insurance benefits, alleging a disability beginning January 1, 2005. A hearing was held before an

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

Administrative Law Judge ("ALJ"), who determined on March 3, 2010, that plaintiff was not disabled through December 31, 2009, plaintiff's date last insured ("DLI"). The Appeals Council denied plaintiff's request for review on December 31, 2011. Plaintiff filed complaint in this court on February 15, 2012, seeking review of the final administrative decision. Where there is no objection to the factual history set forth in the M&R, the court adopts and incorporates herein the factual history as set forth at pages 4-8 of the M&R.

**DISCUSSION**

I.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific

and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff was no longer engaging in substantial gainful employment. The ALJ then found at step two that plaintiff had the following severe impairments: post traumatic stress disorder ("PTSD"), depression, mild degenerative disc disease of the lumbar spine, status post low back injury in 1985, non-insulin dependent diabetes mellitus, obesity and hypertension. The ALJ also found that plaintiff had a non-severe impairment of gastrointestinal reflux disease. However, at step three the ALJ further determined that these impairments were not sufficiently severe to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

3

Prior to proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC") and found that plaintiff had the ability to perform light work with postural and mental restrictions, particularly ability to stand and/or walk 6 hours in an 8-hour workday; sit 6 hours in an 8-hour workday; lift and/or carry 10 pounds frequently and 20 pounds occasionally; sit/stand option every 45 to 60 minutes with occasional exposure to the public and occasional overhead reaching in a non-production/non-quota environment. At step four, the ALJ concluded plaintiff did not have the RFC to perform the requirements of his past relevant work as a handyman. Nonetheless, at step five, upon considering plaintiff's age, education, work experience and RFC, the ALJ determined that claimant is capable of adjusting to the demands of other work employment opportunities that exist in significant numbers in the national economy.

II.     Analysis

Defendant objects to the magistrate judge's determination that the case must be remanded because the ALJ did not sufficiently explain why he gave minimal weight to the opinion of Dr. Hay, plaintiff's treating psychiatrist. (M&R 11-14; Def's Obj. 1-4). For the reasons stated below, the court agrees with the determination by the magistrate judge that remand is required on this basis, and the court does not reach plaintiff's remaining arguments for remand.

In accordance with Social Security Ruling 96-8P, when making an RFC assessment, an ALJ "must always consider and address medical source opinions." SSR 96-8P, 1996 WL 374184, *7 (July 2, 1996). An ALJ generally must give more weight to the opinion of a treating physician "because the treating physician has necessarily examined the applicant and has a treatment relationship with the applicant." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001)). However, "if a physician's opinion is not

4

supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro, 270 F.3d at 178 (citing Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996)). When the ALJ does not give the opinion of a treating physician controlling weight, the ALJ must weigh the opinion "pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527 (2005)).

"If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." S.S.R. 96-8p, 1996 WL 374184, *7 (July 2, 1996)). While the ALJ need not "expressly set forth a factor-by-factor analysis of each of the considerations listed above," Warren v. Astrue, 5:08-CV-149-FL, 2009 WL 1392898 *3 (E.D.N.C. May 18, 2009), the ALJ "must 'give good reasons in [his] notice of determination or decision for the weight [he] give[s][the] treating source's opinion.'" Russell v. Comm'r of Soc. Sec., 440 F. App'x 163, 164 (4th Cir. 2011) (quoting 20 C.F.R. § 404.1527(d)(2)). In particular, "the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." S.S.R. 96-2p, 1996 WL 374188, at *5 (July 2, 1996)). Further, the ALJ "must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." S.S.R. 96-8p, 1996 WL 374184, *7.

In this case, the ALJ's RFC assessment conflicts with opinion of Dr. Hay in several respects. The ALJ determined, as part of the RFC assessment, that plaintiff could work with "occasional exposure to the public . . . in a non-production/non-quota environment," providing for no other mental restrictions. (Tr. 17). By contrast, Dr. Hay concluded in a report dated February 3, 2010, that plaintiff has "marked" or "extreme" limitations in all mental assessment areas, including the (1) ability to understand, remember, and carry out instructions, and (2) ability to interact appropriately with supervision, co-workers, and the public. (Tr. 446-47).[2] Dr. Hay further noted that plaintiff has "visual hallucinations (psychotic symptom), short-term memory is poor, poor motivation, poor energy, hopeless, difficulty being around strangers/crowds and easily agitated." (Tr. 447). Dr. Hay concluded that plaintiff is "totally disabled - unable to sustain part-time or full-time employment." (Tr. 448).

In addressing the opinion of Dr. Hay, the ALJ stated:

Treating psychiatrist, Susan A. Hay, M.D. of the VA Medical Center opined on February 2, 2010 that claimant has marked to extreme limitation in the ability to understand, remember and carryout instructions and to interact appropriately with supervisors, coworkers and the general public. The opinion is accorded minimal weight because it is out of proportion to the longitudinal and objective record.

(Tr. 20). Under the circumstances of this case, the explanation that Dr. Hay's opinion "is out of proportion to the longitudinal and objective record" is not "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." S.S.R. 96-2p, 1996 WL 374188, at *5. In particular, the ALJ does not sufficiently explain what aspects of the longitudinal and objective record are being compared with

---

[2] A "marked" limitation as defined in the report means there is "serious limitation" and "substantial loss in the ability to effectively function in this area," and an "extreme" limitation means there is "major limitation" and "no useful ability to function in this area." (Tr. 446).

6

the opinion of Dr. Hay. It is not clear, for example, if the ALJ is referring to Dr. Hay's own records regarding treatment of plaintiff, or other medical records regarding treatment of plaintiff, where the ALJ does not discuss Dr. Hay's examination findings, or make factual comparisons with other evidence in the record.

Moreover, stating that Dr. Hay's opinion is "out of proportion" with the record is not a sufficient explanation, where not all parts of the record conflict with Dr. Hay's opinion. For example, in a VA exam dated March 12, 2009, plaintiff was determined to have a Global Assessment of Function ("GAF") score of 30, which signifies "serious impairment" in communication or judgment. (Tr. 444).[3] The VA stated that plaintiff's symptoms cause "occupational and social impairment with deficiencies in most areas." (Id.). On the basis of this exam and other medical evidence in the record described in a VA disability determination dated June 2, 2009, the VA determined that plaintiff was 100% disabled due to plaintiff's PTSD. (Tr. 442). While the ALJ may have reason to discount this additional evidence, it nonetheless creates, in combination with Dr. Hay's opinion, "material inconsistencies or ambiguities in the evidence." S.S.R. 96-8p, 1996 WL 374184, *7. Accordingly, and the ALJ's decision failed to explain how such inconsistencies or ambiguities "were considered and resolved" constitutes error. Id.

In objecting to the M&R, the Commissioner points to multiple aspects of the record supporting the ALJ's determination to give little weight to Dr. Hay's opinion. (Obj. 1-3). As a result, defendant argues, any error in failing to sufficiently explain the weight given to Dr. Hay's

---

[3] GAF scores are described in the Diagnostic and Statistical Manual of Mental Disorders, fourth edition ("DSM–IV"). See, e.g., Tickle v. Long Term Disability Plan Of Marathon Ashland Petroleum, LLC., 34 F. App'x 909, 911 (4th Cir. 2002) (referencing DSM-IV, for meaning of GAF scores). According to the DSM-IV, a GAF score of 30 may reflect "serious impairment in communication or judgment (e.g., sometimes incoherent, acts grossly inappropriately, suicidal preoccupation) OR inability to function in almost all areas (e.g., stays in bed all day; no job home or friends)." DSM–IV at 30.

7

opinion was harmless. (Id. at 3). But these are rationalizations by counsel, rather than explanations by the ALJ himself regarding how inconsistencies or ambiguities in the record were considered and resolved. "[I]t is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990). Accordingly, the ALJ must in the first instance provide sufficient explanation for his decision before the court can conclude that it is "supported by substantial evidence and [was] reached through application of the correct legal standard." Craig, 76 F.3d at 589.

Moreover, this case does not present circumstances similar to others involving application of harmless error principles. For example, this is not a case where the ALJ failed to address an item of evidence that is irrelevant to the disability determination or a medical opinion that is consistent with the ALJ's RFC determination. See, e.g., Johnson v. Barnhart, 434 F.3d 650, 655 (4th Cir. 2005) (court need not evaluate treating physician opinion "not relevant" to the claimed period of disability); Morgan v. Barnhart, 142 F. App'x 716, 722-23 (4th Cir. 2005) (error in failing to credit treating physician opinion was harmless where it did not "materially contradict" the evidence the ALJ adopted). Much to the contrary, Dr. Hay's opinion is both relevant to the disability determination and in sharp contrast with the ALJ's RFC assessment. Accordingly, the court rejects defendant's argument that the failure to explain in this instance is harmless error.

In sum, where the ALJ failed to sufficiently explain the weight given to the opinion of Dr. Hay, and where the failure to explain is not of the type excusable as harmless error, remand is required. In so ruling, the court does not reach plaintiff's remaining grounds for reversal of the Commissioner's decision.

8

## CONCLUSION

Based on the foregoing, the court ADOPTS the recommendation of the magistrate judge, GRANTS plaintiff's motion (DE 19), DENIES defendant's motion (DE 21), and REMANDS this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

SO ORDERED this the 26th day of June, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge