IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

4:12-CV-23-FL

| | | |
|---|---|---|
| JOHNNY PEARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on motion for attorney's fees filed by plaintiff's counsel, Lawrence Wittenberg, pursuant to 42 U.S.C. § 406(b). Defendant filed a response opposing the extent of fees requested. In this posture the matter is ripe for ruling.

## BACKGROUND

In the underlying litigation, plaintiff challenged defendant's final decision denying his application for disability benefits. Plaintiff filed a complaint on February 15, 2012, and defendant answered. Plaintiff filed a motion for judgment on the pleadings accompanied by a memorandum of law in support thereof. Defendant filed a cross motion for judgment on the pleadings. Upon consideration of the motions, on January 15, 2013, a magistrate judge recommended granting plaintiff's motion for judgment on the pleadings and remanding to the commissioner for further proceedings. Defendant objected, and plaintiff responded to the objection. On June 26, 2013, the court adopted the recommendation and remanded to the commissioner for further proceedings.

On February 10, 2014, the court denied plaintiff's request for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), holding that the motion was untimely. On September 8, 2014, defendant issued a favorable decision approving plaintiff's application for benefits, awarding $98,251.90 in back benefits, and explaining that a portion of this amount, $24,562.98, was being held, as 25% of the past-due amount, to pay attorney's fees in this case.

On October 21, 2014, plaintiff's counsel filed a motion for attorney's fees under 42 U.S.C. § 406(b), seeking to recover $18,000.00 as an attorney fee, explaining that counsel was paid previously $6,000.00 for his representation in administrative proceedings. In support of his motion for attorney's fees, counsel attaches the benefits award, and a declaration stating that 24 hours of attorney time has been expended during the federal court representation of plaintiff's case. Defendant filed a response opposing the request, on the basis that the equivalent hourly rate constitutes a windfall.

## DISCUSSION

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 % of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C.A. § 406(b)(1)(A). The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in a particular case." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

"[A] reduction in the contingent fee may be appropriate when (1) the fee is out of line with 'the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (quoting Gisbrecht, 535 U.S. at 808).  In reviewing the request for fees, a "reviewing court should disallow 'windfalls for lawyers.'" Gisbrecht, 535 U.S. at 808 (quoting Rodriguez v. Bowen, 865 F.2d 739, 747 (6th Cir. 1989)).

Although there is no bright-line test for determining whether a fee will result in a "windfall," this court has considered several factors, including "(1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases." Perrigo v. Astrue, 5:08-CV-626-FL, 2012 WL 3903896 *4 (E.D.N.C. May 22, 2012) (quotations omitted); Abernathy v. Astrue, No. 4:08–CV–99–FL, 2011 WL 488657, at *2 (E.D.N.C. Feb. 7, 2011); see Mudd, 418 F.3d at 428 (identifying factors relevant to reasonableness as "the overall complexity of the case, the lawyering skill necessary to handle it effectively, the risks involved, and the significance of the result achieved in the district court.").

In this case, the court finds the fee reasonable based on consideration of all these factors. The fee is in line with the contingency-fee character of the representation and the results achieved, where counsel achieved a successful remand resulting in an award of benefits for plaintiff.  Counsel did not unreasonably delay during the pendency of the case in court.  The record evidences

3

significant effort by counsel through pleadings which were not boilerplate, and through arguments which involved both real issues of material fact and required legal research. Indeed, counsel filed a detailed response to objections on January 25, 2013, the time for which is not included in the total amount of hours previously claimed in counsel's EAJA motion. In addition, counsel evidences efficient handling of this case through extensive past experience in representing clients in other social security cases.

Defendant urges this court to consider the effective hourly rate that would result from the fee award. Plaintiff's counsel requests that the court award him $18,000.00 for an asserted time expenditure of 24 hours of attorney work in this case, resulting in an effective hourly rate of $750.00 per hour. In light of the factors enumerated above that support the fee award here, the court does not find consideration of the effective hourly rate alone determinative of the reasonableness inquiry in this case. Indeed, "an excessively high hourly rate alone does not render an otherwise reasonable fee unreasonable," and consideration of what constitutes a windfall may be based on many factors such as those listed above in the discretion of the district court, including the contingency-fee character of the representation. Jeter v. Astrue, 622 F.3d 371, 382 (5th Cir. 2010); see Washington v. Colvin, 5:08-CV-55-FL, 2013 WL 1810586 *3 (E.D.N.C. April 29, 2013).

In any event, the court finds that effective hourly rate is not so substantially out of line with fee awards in other social security cases in the Fourth Circuit as to amount to a "windfall" here. See, e.g., Mudd, 418 F.3d at 426-27, 428 (upholding the district court's award of $12,231.50 for 16.6 hours of work (effective hourly rate of $736.83)); Huttner v. Colvin, 5:12-CV-166-FL, 2014 WL 1775065 *2 (E.D.N.C. May 2, 2014) (awarding $17,000.00 for 21.25 hours of work (effective hourly attorney rate of $800.00)); Washington v. Colvin, 5:08-CV-55-FL, 2013 WL 1810586 *3 (E.D.N.C.

4

April 29, 2013) (awarding $23,165.50 for 24 hours of work (effective hourly rate of $965.23 per hour)); Perrigo, 5:08-CV-626-FL, 2012 WL 3903896 *2 n.1 & *5 (E.D.N.C. May 22, 2012) (awarding $18,629.25 in fees for 22 hours (effective hourly rate of $846.78)); Claypool v. Barnhart, 294 F. Supp. 2d 829, 833-34 (S.D. W. Va., Oct. 9, 2003) (approving requested award of $18,000.00 for 12.56 hours (effective hourly rate of $1,433.00)); Thompson v. Barnhart, 240 F. Supp. 2d 562, 563, 565-66 (W.D. Va. Jan. 15, 2003) (approving requested award of $9,447.25 for 10.12 hours (effective hourly rate of $933.00)); but see Cooper v. Astrue, 4:09-CV-177-D, 2012 WL 2872446 *3 (E.D.N.C. July 12, 2012) (reducing fee request of $8,988 to $6,875, on basis that effective hourly rate of $359.52 for 25 hours of work is unreasonable, and employing effective hourly rate of $275).

In sum, the court finds reasonable the $18,000.00 fees requested in this case. Accordingly, plaintiff's counsel will be awarded fees in this amount where they fall under the statutory maximum of 25 % of the total benefits awarded, pursuant to 42 U.S.C. § 406(b).

With respect to EAJA fees, generally, if an attorney is awarded fees under both section 406(b) and the EAJA, the attorney must "refund[] to the claimant the amount of the smaller fee." Gisbrecht, 535 U.S. at 807. In this case, the record reflects that plaintiff's counsel was not awarded fees under the EAJA, despite counsel's representation in his motion. Therefore direction to refund is not warranted here.

## CONCLUSION

For the foregoing reasons, plaintiff's counsel's motion for approval of attorney's fees is ALLOWED in the full amount requested of $18,000.00. The Commissioner shall release to plaintiff's counsel the sum of $18,000.00 as attorney's fees for services rendered before this court, representing less than 25% of plaintiff's past-due benefits, pursuant to 42 U.S.C. § 406(b).

5

SO ORDERED, this the 17th day of December, 2014.

LOUISE W. FLANAGAN
United States District Judge

6